Thank you your honor and may it please the court Matthew McGill for the PG&E trade creditors. PG&E is a solvent debtor that designated its general unsecured creditors as unimpaired under section 1124 one of the code. PG&E's plan therefore had to quote leave unaltered all of our legal equitable and as the third circuit explained in PPI Enterprises quote the failure to pay post-petition interest does not leave unaltered the contractual or legal rights of the claim end quote. Yet PG&E's plan here cut creditors post-petition interest by nearly 75% to send a windfall of hundreds of millions of dollars to an entirely softened debtor. Can you help me with this section 502b which apparently provides that claims are frozen at the time of the petition and so by law the unimpaired creditors don't have a claim for post-petition interest. What do we do with with the statutory requirement there? Your honor I think we start with the text of the code and what the text of 502b2 prohibits is including in the amount of an allowed claim pre post-petition interest or unmatured interest in the statutory text. You cannot include post-petition interest in the 300 years it has been permissible to pay post-petition interest on an allowed claim. You can see that in the text of the code itself in section 726a5. They're not for the unimpaired creditors so they're for other sorts of like 726a is for creditors so the thing that concerns me is we have 502b pretty clear saying that and we've interpreted that as saying that claims for post-petition interest on unsecured claims are prohibited and then we have the supreme court's decision in law v segal saying that the bankruptcy court can't exercise its equitable authority in contradiction to the statutes in the code. So how do we avoid that? There's really nothing in the code about solvent debtors. The cases are primarily before law v segal so help me understand how we could find that the solvent debtor exception supersedes 502b. Our argument is not that there is the solvent debtor supersedes 502b2. Our argument is that 502b2 does not prohibit payment of interest on an allowed claim at the conclusion of the bankruptcy. I think that the supreme court's decision in American iron explains the rationale for the distinction that I'm drawing here. In American iron what the supreme court explained is that if we included post-petition interest in the amount of the allowed claim that would advantage creditors who had higher rates of interest at the expense of creditors who have lower rates of interest but once you're talking about a solvent debtor that has amounts has assets sufficient to pay post-petition interest it has always been true for 300 years that the code and before it the bankruptcy act permits the payment of post-petition interest on the allowed claim and that was you know I can cite to you the cases of consolidated the supreme court's decision in consolidated rock the first circuit's decision in debenture holders the sixth circuit's decision in dow corning I mean the thing that that concerns me a bit is that when congress wanted to provide post-petition interest of varying sorts specifically provided for that in the code which raises the inference that it didn't intend to do that for unimpaired creditors in a chapter 11 case. I think your honor that the butler and raleigh and travelers council the opposite inference that in the absence of a code provision that clearly changes or or abrogates state law rights we apply the state law rights the claim here is the right to payment as defined by non-bankruptcy law I would look to this court's decision and in rate fitness holdings for that proposition and the so because 502 b2 does not prohibit payment of interest on the allowed claim that therefore we have a situation where if there are assets sufficient for it if a claim is to be unimpaired as pg&e did here of its own free will then post-petition interest should be paid the the real anomaly here is that we as unimpaired creditors are worse off than if we had been designated as impaired creditors if we had been designated as impaired creditors we could have invoked the fair and equitable test of 1129 b we could have voted on the plan we would have voted to reject predators I thought you didn't qualify as unimpaired you you were I mean as impaired I thought you didn't you were you were unimpaired because you're getting the full amount of your claim as of the time of the petition so you're you're honored that is that is our our at the core of our dispute is that we were improperly designated as unimpaired they did that to deprive us of a vote so we could not litigate the fairness and equitableness of the plan in addition to in addition to stripping you of the vote they strip the unimpaired creditors of the right to negotiate in any way with the bankrupt estate correct I think that's right your honor and but if the key point here is that if we had been permitted a vote we could have litigated why were you impaired maybe I missed that why were you we were are impaired for the same reason the creditors in new valley were impaired in the view of congress because the solvent debtor did not pay us the post-petition interest that we were due okay so that is it so that so you're saying two things at the same time when you're saying the post-petition interest is just something extra that you get it's not controlled by 502b and now you're saying oh but we were impaired because we didn't get that post-petition interest so I'm confused now which is it is that part of your claim or not part of your claim because if it's not part of your claim you weren't impaired your honor it that our claim is defined by uh is our right to payment under non-bankruptcy law that includes interest until the date of payment but that's not what the bankruptcy code says right it says 502b says it's frozen at the time of the petition that 502b2 does indeed define what is allowed as part of the allowed claim correct but that does not if that were true your honor then no one could ever be paid any post-petition interest right because that it the it would not be part of the uh there could be no post-petition interest I mean the code provides for it did you want to save the rest of your time for rebuttal yes your honor thank you all right we'll hear from the other side I'm just going to switch my seating area since we have a podium I might as well use it okay good afternoon your honors Theodore Tsekarides on behalf of PG&E your honors the issue on this appeal is straightforward and one that this court addressed and resolved in Cartolucci almost 20 years ago so counsel counsel there's a sort of an oddity here and that I think most of the questions that Judge Ikuto was asking she could be asking to your side too right because you don't disagree that post-petition interest should needs to be paid here and and the bankruptcy judge didn't disagree so you agree it should be paid the whole issue in this case is just what rate right exactly right so why why should maybe try to convince Judge Ikuto why why post-petition interest should be paid well I think there are so I think Cartolucci really is is worth a read so Cartolucci is for a different section it's a section which provides it's interpreting a section that provides for post-petition interest so there you can say well the reasoning in Cartolucci is it's at the federal rate I understand that I don't understand since there's no basis for post-petition interest for unimpaired creditors in this sort of case I don't see how there's any basis for picking one rate over the other respectfully Judge Ikuto it is on point let me tell let me tell you why so first of all there's nothing in Cartolucci that limits it to impaired claims it did it did analyze the section you're talking about right it's well it's section 726 but it did more your honor it did more it did two other things it talked about the federal judgment rate being applicable to general unsecured claims which these unimpaired claimants are they're not reinstated claims are not cure claims are not admin claims they're general unsecured claims and so that 726a5 section that you're referring to that talks about post-petition interest rate but Cartolucci did more it also said because of promoting uniformity within federal law and the fact and I think this is important and the fact that an allowed claim in bankruptcy is akin to a judgment and Cartolucci said this and so did the cases that the other side relies on so I saw the courts in Cartolucci where they were talking about there's rejecting appellant substantive due process claim which is where I think you bring out your uniformity argument of course substantive due process isn't really an issue here right well it's not but that's not where Cartolucci talked about uniformity it talked about earlier on in the decision when it was again equating post-petition interest to post-judgment interest in federal court and I think this this actually could solve the problem that apparently we're discussing here if and if you follow through 502a and b of the code together tell us that if a claimant files a proof of claim it's deemed allowed and it's deemed allowed as of the petition date and Cartolucci and other courts have said that's akin to a judgment including the solvent debtor cases that were referred to by the appellants so in the solvent debtor analysis all they said was if the debtor is solvent you have to pay them some post-petition interest none of those cases from 1910 1914 1911 said what rate but so counsel counsel can I ask you about that because they they didn't say a rate but was there a bank what is this rate called again I always forget the exact name but the judgment rate the federal judgment rate yeah was there a federal judgment rate back then no and that's a great point let me take you through why that confirms that we're right there was no federal judgment rate but they said equate it to a judgment the federal judgment rate standard post-judgment interest didn't come into effect until 1948 but in 1948 that rate was whatever the state said in their particular forms if you were in federal court in ohio it might be different than if you're in federal court we don't have to speculate in this case about what the rate may have been there was a contractual interest rate designated under your agreements with these claimants wasn't there there was for some others don't have contracts what you're what you're asking us to do is to take your position vis-a-vis a contractual obligation that you had and to have us declare that all of a sudden that contract contract is rewritten by the federal courts by designating the rate at some rate other than what you agreed to pay I'm not doing that at all well that is precisely what you're doing by designating these claimants as unimpaired you essentially strip them of the right to vote on your plan you strip them of the right to negotiate you put them in a worse position than if they had been impaired and you're asking us to vindicate this position by interpreting the statute in a way totally inconsistent with the way it was historically interpreted and more importantly inconsistent with your very own contractual obligations now persuade me that I'm wrong I will I will I will try anyway the historical cases that you refer to the solvent debtor cases those are the historical cases not none of them said they get their contract rates they equate them to a judgment in federal court right now if a plaintiff brought an action in state court and I removed it to federal court it doesn't matter that they had a contract rate if we're in federal court post judgment interest notwithstanding any contract notwithstanding any state law statute is the federal judgment rate under 28 U.S. code 1961 we didn't change a thing we gave them exactly what they were entitled to what their claim was we paid them in full their underlying claim there was nothing to negotiate whatever they asked for they got that was their claim and their claim is cases do then it's just like paying post judgment interest in federal court and that's at the federal judgment rate notwithstanding a contract nobody says that's unfair notwithstanding a contract in federal court counsel counsel I'm following you and we don't have a lot of time this case so I want to I want to pinpoint something I don't think I think if I understand your argument correctly that you're saying yes I agree that back in the old days 100 years ago they would have gotten whatever the state rate default rate was or whatever their contracts rate was but now they would get the federal judgment rate what changed that what precisely changed that and what in the you know what in the code and when did that change so what what changed that so again and I invite the court to go back and read those cases is it 720 are you saying 726 changed that I'm saying two things your honor 726 is the codification in our view of the solvent debtor exception 726 has a as a waterfall of payments the last one 726 a6 but you got a problem with that argument you got a problem with that argument that it only applies to impaired impaired debtors and these are unimpaired debtors right that well I don't know if there's a problem 1129 a7 says impaired but if you if you consider the other principle in bankruptcy law that like creditors are treated the same the unimpaired general unsecured creditor and the impaired general unsecured creditor are general on this goes to judge lucero's concern which is that that they're not they're not you're not treating them same because you're not giving them a seat at the table you're not giving a seat at the table but you're still like hitting them with this lower rate so they don't have they don't have the ability to vote and they also don't have the ability to come before the court and say this is not fair and equitable so you're not actually treating them the same no but we are your honor if you again what is there to negotiate if you say I owe you a hundred dollars and I pay you a hundred dollars there's nothing to negotiate that's your claim it's a hundred dollars but what if I say you owe me a hundred dollars plus interest at ten percent pursuant to your contract but again if you consider that your claim is fixed as of the petition date and post petition interest is like post judgment interest in all of these other cases I haven't done anything to you that you're not entitled to the other guys who were impaired there were some claimants who said they were owed 20 billion dollars and we paid them 11 billion those guys were impaired those guys we had to negotiate with but somebody if we owed them a hundred dollars and we paid them a hundred dollars and then gave them interest at the federal judgment rate because it's akin to post judgment counsel if you're correct I mean I I hear your example the problem is is that basically there's no getting around the fact that clients like yours are able to manipulate the solvent clients are able to manipulate the judgment the the bankruptcy laws in order to give a haircut to all of these people that otherwise would be getting paid contractual or default rates that are well above two point whatever percent and and you're you're your only response as best I can tell from the briefing is yeah but that's what the law requires but that's a little bit circular right it's you're you're saying that's what the law why would anybody have made a rule like that when the background rule is this equitable rule that when you have a solvent debtor you don't you pay the creditors first and and only the debtor last again your honor respectfully the solvent debtor exception does not say just pay them the contract rates you can you keep saying that but but but a hundred years ago I think I think you've acknowledged a hundred years ago they would have gotten either the contract or the there was no other rate to pay them like and there are cases to say if I remember right make that they need to be made whole isn't that what the supreme court case that starts with a c says um don't they right respectfully we submit we did make them whole because if you equate it to a judgment there is a statute we can't ignore the fact that 28 us code 1961 exists and if the court said this is just like a federal judgment that's what the case to say I'm not making it up it says it's just like a federal judgment the courts say that the court that you're saying you're saying Carlucci says that right it's all the vanston says it as well there are other courts the bencher says that as well too there are other courts that say in fact johnson v norris the case from back in 1911 that they say is the predicate for the solvent debtor exception and john osborne's which it cites to those cases specifically say this is just like a judgment in federal court so if it's a judgment in federal court we treated it exactly the same and again we didn't take anything away from them they had a claim we paid the claim in full unlike some others who got less that's what made other people impaired and not them i see i'm well over my time your honors the presiding judge privilege to ask one more question what is the statutory link that would say that uh 11 29 a 17 for impaired class gets the same treatment as the unimpaired class here in chapter 11 is there a statute or a statutory pathway if i heard the question correctly 11 29 a 7 what's the pathway using that to unimpaired claims is that the question your honor right that says a 17 says that impaired class gets um the the same sort of post-petition interest as for chapter 7 um and you said and the impaired the unimpaired should be treated exactly the same way and so i wanted to know if there was a statute that said that there's no specific statute that i'm aware of that says that your honor but as we've argued in the briefs because they're both general unsecured creditors the n equating it to the federal judgment rate which again i do invite the court to go back and look at those cases johnson v norris and john osborne but thank you very much if there are no further questions all right there is some time for rebuttal thank you your honor uh i'll just make a few quick points first uh so counsel can i get you to focus on counsel can i get you to focus on specifically the issue of assuming that you the solvent debtor exception still exists focus on why it should be the the contract or the default rate as opposed to like what is it that should it be that especially like historically why it should be that instead of being the the federal judgment rate because that is because the solvent debtor should pay its debts and that is the money that is what we are entitled to in non-bankruptcy law the the cases that specify contractual rates consolidated rock debentures from the first circuit debenture holders from the first circuit dow warning from the sixth circuit the recent bankruptcy court decisions in ultra and mullins um so counsel why did why didn't the why didn't the why don't these i think you're opposing counsel would say well but the cases said that it's similar to um other civil actions where you get paid the federal judgment why do those not apply well because i think for for two reasons your honor first you start with the butler principle that said that says our claim is defined and our rights under our claim are defined by state law and federal law curtails them only to the extent that it explicitly curtails them the federal judgment statute does not apply judgment rate statute does not by its plain text even remotely suggest application to bankruptcy court cases it talks about the marshal execute let me aim for execution we can't do that with an allowed claim an allowed claim is not actually like a judgment this is an effort by the by a solvent debtor to analogize to a judge to a federal judgment in an effort to try to make an inapplicable statute applied to limit our state law rates that is contrary to butler to butler raleigh and travelers of all supreme court decisions um that the the last point i i want to make is that the real irony here is that we are worse off than if we had been declared an impaired predator if we had been declared impaired we would have voted to reject the plan we would have litigated the fair and equitable test and we would have won because this violates the absolute priority rule and under the supreme court's decision in door west bank worthington that makes the plan unconfirmable we would have won under consolidated rock under inray inray inray debenture holders and others um i think can you wrap up please your way yes well over time i i yes your honor i just wanted to address come back to your point your honor uh with respect to 502 b2 the best evidence that 502 b2 does not preclude the payment of interest post-petition interest on claims is the new it did so specifically to make sure that solvent debtors would pay post-petition interest it was specifically to ensure that when pg&e deprived us of a vote it committed to leave in place all of our legal and equitable and contractual rights that means we must be paid the interest we are bargained for we bargained for it can't be that a debtor can end run the absolute priority by designating its creditors as unimpaired that it duplicates the result of new value i think we have your arguments we thank both sides for uh your arguments in this interesting case case of ad hoc committee of holders of trade claims versus pg&e corporation is submitted we have one other case united states of america versus wing wo ma and that's submitted on the we are adjourned for this session thank you your honor thank you thank you your honor fans adjourned so that door is like locked in both directions oh yeah well okay thank you very much you
judges: Lucero, IKUTA, VANDYKE